**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BELINDA ROBERTSON,

      Plaintiff,

v.                                                                  Civ. No. 26-337 DHU/GBW

DR. MARC A. CAPLAN,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendant's Motion to Dismiss All

Claims for Failure to State a Claim Under 12(b)(6), *doc. 3*, and the Honorable David

Urias' Order of Reference, *doc. 13*, referring this case to the undersigned for analysis,

findings of fact, evidentiary hearings if warranted, and recommendations for its

ultimate disposition.  Having reviewed the record, the undersigned RECOMMENDS

that Defendant's Motion to Dismiss be GRANTED.

## I.      BACKGROUND

On December 18, 2025, Plaintiff filed a civil Complaint against Dr. Marc A.

Caplan in the State of New Mexico, Third Judicial District Court, County of Doña Ana.

*Doc. 1-1* at 1.  In it, Plaintiff alleged that when Dr. Caplan prepared a Parenting Fitness

Evaluation Report ("Parenting Report") for the state court, he (1) committed perjury, (2)

discriminated against Plaintiff on the basis of sex and religion, (3) violated Plaintiff's

rights under the New Mexico Civil Rights Act ("NMCRA"), and (4) defamed Plaintiff. *Id.* at 3-7.[1]  On January 22, 2026, Defendant filed a Motion to Dismiss in state court.  *Id.* at 43.  Plaintiff responded with a filing entitled, in part, "Motion of Response," which added claims under 42 U.S.C. § 1983 and for Malicious Abuse of Process.  *Id.* at 65-81.[2] Defendant construes this "motion" as Plaintiff's First Amended Complaint, and therefore the operative complaint in this Court.  *Doc. 3* at 2.

On February 10, 2026, Defendant removed the case to federal court.  *Doc. 1.*  On February 17, 2026, Defendant filed another Motion to Dismiss.  *Doc. 3.*  On February 25, 2026, Plaintiff filed a "Motion in Obje[c]tion to Dismiss Case," *doc. 8*, which the undersigned construes as a response.  Plaintiff's Motion in Objection did not substantively respond to Defendant's Motion to Dismiss, rather Plaintiff seemed to further allege that (1) Dr. Caplan and his attorneys had harassed her by sending her emails and removing the case to federal court, (2) Dr. Caplan had been negligent and committed medical malpractice, and (3) Dr. Caplan had violated her constitutional rights under the Fourteenth Amendment.  *Id.* at 2-3.  Plaintiff also stated that she

---

[1] Plaintiff's Complaint is disorganized and confusing.  The Court will attempt to address all her claims but must note that it is reminiscent of "a shotgun pleading"—a "recitation of an extended factual narrative followed by pleading numerous claims without adequately specifying which facts apply to which claims." *Fawley v. Lucero*, 2023 U.S. App. LEXIS 5994, at *2 (10th Cir Mar. 14, 2023).  The Court will address the merits of the case but notes that Plaintiff's pleadings violate Rule 8. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[2] Plaintiff also references a litany of other allegations including (1) violation of the "Family Domestic Act NMSA 1978" [*sic*], (2) "Fraud to the Court" [*sic*], (3) violation of privacy rights, (4) terrorist activity, (5) conspiracy, (6) falsifying documents, (7) identity theft, and (8) "criminal activity." *Doc. 1-1* at 78-79.  The Court finds no factual basis in the pleadings for any of these claims.

wanted to be assigned an attorney and that her claims were not barred by the relevant statutes of limitation. *Id*. Defendant filed his reply on March 11, 2026. *Doc. 10*.

### a. The Underlying Divorce Proceeding

This case is one of a series stemming from Plaintiff's petition for dissolution of marriage against Cale Robertson in the Third Judicial District, County of Doña Ana, No. D-307-DM-2021-00100. *See doc. 3* at 2; *doc. 1-1* at 3.[3]

During the divorce proceedings, Plaintiff was referred to Dr. Caplan for a Psychological Parenting Fitness Evaluation. *Doc. 1-1* at 8. The evaluation was designed to "assess her overall level of psychological and cognitive functioning, [and] her ability to competently parent and protect her four children." *Id*. Dr. Caplan found that "Ms. Robertson is not likely to be effective in her parenting of the children and is definitely unable to co-parent. She demonstrates little if any insight into her behavior and how her behavior impacts her children and others around her." *Id.* at 20. Defendant represents that after delivering the report, he did not participate any further in the divorce proceedings. *Doc. 3* at 4. The state court awarded sole legal and physical custody of the children to Mr. Robertson. *Id*.

---

[3] To the undersigned's knowledge, there have been at least four cases brought or removed to federal court that stem from the same underlying divorce proceeding: *Robertson v. Robertson, et al.*, 2:24-cv-00173-DHU-GBW; *Robertson v. State of New Mexico, et al.*, 2:25-cv-1044-DHU-GBW; the present case, *Robertson v. Caplan*, 2:26-cv-00337-DHU-GBW; and *Robertson v. Robertson*, 2:26-cv-00888-GBW.

All of Plaintiff's claims arise from her objections to the content of Dr. Caplan's Parenting Report.

## II.   LEGAL STANDARD

### a.  Construction of *Pro Se* Pleadings

When a party proceeds *pro se*, a court construes her pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d at 1110 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*  However, courts should not assume the role of advocate for a *pro se* litigant and "are not required to fashion [a *pro se* party's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).  Additionally, "*pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

### b. Dismissal Under 12(b)(6)

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. Of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). The court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

### III.   ANALYSIS

Construing Plaintiff's filings liberally, she appears to be asserting claims for (1) harassment and intentional infliction of emotional distress ("IIED"), (2) negligence and medical malpractice, (3) perjury, (4) malicious abuse of process, (5) violations of the NMCRA, (6) defamation, and (7) discrimination and Constitutional violations under § 42 U.S.C. §1983. The undersigned finds all these claims to be without merit.

### a. Harassment, IIED, Negligence, and Medical Malpractice

Plaintiff does not allege facts sufficient to state plausible claims under theories of harassment, negligence, or medical malpractice. In her Motion in Objection, *doc. 8*, Plaintiff states that Defendant changed the venue of the case without her permission and that she was "[i]ntimidated for Attorneys of Defendant for several emails and mail and forced for Attorneys of the Defendant Dr Marc A. Caplan to dismiss Harassed with several force with Malicious Intentional Act to can cause Any Psychological Stress or Emotional, after several Damages caused for Negligence, Medical Malpractice for Dr Marc A Caplan [*sic*]." *Id*. at 2. With respect to the claims of negligence or medical malpractice, Plaintiff fails to allege adequate claims to support such claims. With respect to the harassment and IIED claims, Defendant's counsel properly removed this case to federal court. As such, that conduct cannot support Plaintiff's harassment or IIED claims.

To state a claim for IIED under New Mexico law, a Plaintiff must show "(1) the defendant's conduct was extreme and outrageous; (2) the defendant's conduct was intentional or in reckless disregard of the effects on the plaintiff; (3) the plaintiff's mental distress was extreme and severe; and (4) there is a causal connection between the defendant's conduct and the plaintiff's distress." *Hartwell v. Sw. Cheese Co., LLC*, 276 F. Supp. 3d 1188, 1213-14 (D.N.M. 2016) (citation omitted). Sending emails and mail

during ongoing litigation is not harassing, extreme, or outrageous behavior, therefore, this claim, to the extent it is alleged, fails as a matter of law.

### b. Perjury

Plaintiff's perjury claim was omitted from her "Motion of Response," which Defendant construes as a First Amended Complaint. *See doc. 1-1* at 65-81; *doc. 3* at 2. However, to be thorough, the Court will still address it.

Plaintiff alleges that Dr. Caplan committed perjury by lying in his Parenting Fitness Evaluation or by being complicit in the alleged perjury of Cale Robertson. *Doc. 1-1* at 6-7. However, perjury is a criminal offense and does not provide a private right of action. *See* N.M.S.A. § 30-25-1; *see also Ward v. Convergys Inc.*, 2010 WL 11493700 (D.N.M. Apr. 30, 2010) (stating that New Mexico courts require express statutory language to create a private right of action). As such, Plaintiff's perjury claim must be dismissed.

### c. Malicious Abuse of Process

In New Mexico, a malicious abuse of process claim requires the plaintiff to demonstrate that the defendant: "(1) made 'use of a process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge'; (2) acted with 'a primary motive in the use of the process to accomplish an illegitimate end'; and (3) 'damages.'" *Yazzie v. Gov't Employees Ins. Co.*, 2018 U.S. Dist. LEXIS 43825, at *8 (D.N.M. Mar. 16, 2018) (quoting *Durham v. Guest*, 204 P.3d 19, 26 (N.M. 2009)). Use of a

judicial process is "irregular or improper if it (1) involves a procedural irregularity or a misuse of procedural devices such as discovery, subpoenas, and attachments, or (2) indicates the wrongful use of proceedings, such as an extortion attempt." *Durham*, 204 P.3d at 26. Malicious abuse of process is disfavored in the law and construed narrowly to protect the right of access to the courts. *Id.*

Plaintiff's abuse of process claim appears to be predicated on two allegations: (1) Dr. Caplan did not testify in the state divorce proceedings in 2024, and (2) Dr. Caplan knew that Mr. Robertson had committed perjury in the underlying divorce proceedings. *Doc. 1-1* at 69-70. Taken as true, these acts do not establish that Dr. Caplan acted to make improper use of the court system under New Mexico law. The claim must therefore fail.

### d. NMCRA

The NMCRA provides a cause of action to a plaintiff when a "public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body" deprives the plaintiff of the "privileges or immunities secured pursuant to the bill of rights of the constitution of New Mexico." N.M.S.A. § 41-4A-3(A). Plaintiff alleges that Dr. Caplan violated the NMCRA by including certain information in his Parenting Fitness Evaluation that impacted her rights. *Doc. 1-1* at 72-73.

Plaintiff's NMCRA claims must also fail.  Only Dr. Caplan is named in the complaint, and he appears to be named in his individual capacity.  *See id*. at 72 ("Defendant Dr. Marc A. Caplan through the acts of omissions of personal acting on his Behalf, Deprived Plaintiff of her Rights" [*sic*]).  A claim under the NMCRA must be brought against a public body.  *See* N.M.S.A. § 41-4A-3(C) ("Claims brought pursuant to the New Mexico Civil Rights Act shall be brought exclusively against a public body.").

Moreover, Plaintiff's NMCRA claim is time-barred.  NMCRA claims "shall be commenced no later than three years from the date a claim can be brought for the deprivation of a right, privilege or immunity pursuant to the bill of rights of the constitution of New Mexico."  N.M.S.A. § 41-4A-7.  The statute of limitations begins to run when a claimant has knowledge of, or with reasonable diligence should have known, sufficient facts to constitute a cause of action.  *Anderson Living Trust v. WPX Energy Production, LLC*, 27 F. Supp. 3d 1188, 1213 (D.N.M. 2014) (citations omitted); *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004).

Dr. Caplan's Parenting Fitness Evaluation was completed on August 18, 2022. *Doc. 1-1* at 8, 72.  Because her NMCRA claims arise from allegedly false information contained in the report, Plaintiff was on notice beginning August 18, 2022.[4] Accordingly, she should have brought a claim under the NMCRA before August 18,

---

[4] Plaintiff seems to assert that she objected to the report in 2023 and 2024, *doc. 1-1* at 72.  However, this does not toll the statute of limitations in which she must bring a claim.

9

2025, however, Plaintiff waited until December 18, 2025. *Id*. at 1. Plaintiff's claim is therefore time-barred.

### e. Defamation

Plaintiff's defamation claim is similarly barred by the relevant statute of limitations. In New Mexico, any claim for an injury to the person or reputation of any person must be brought within three years that begin to run at the moment of publication. N.M.S.A. § 37-1-8; *see also Woodhull v. Meinel*, 202 P.3d 126, 129 (N.M. Ct. App. 2008). Under New Mexico's single publication rule, "multiple disseminations of the same content give rise to only one cause of action, and the statute of limitations runs from the point at which the original dissemination occurred." *Woodhull*, 202 P.3d at 130.

Because the allegedly defamatory Parenting Fitness Evaluation was published on August 18, 2022, Plaintiff needed to file before August 18, 2025. She filed on December 18, 2025, so her claim is time-barred.

### f. Claims Under 42 U.S.C. § 1983

A three-year statute of limitations also bars Plaintiff's claims under 42 U.S.C. § 1983. For § 1983 claims, courts apply the state's general personal injury statute of limitations. *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008). In New Mexico, the relevant law creates a three-year statute of limitations. *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014); N.M.S.A. § 37-1-8. Since the injury in a § 1983 case is the violation of a constitutional right, the claims accrue when

10

the plaintiff knows or should have known that her constitutional rights were violated. *Mercer-Smith v. New Mexico Children, Youth & Families Dept.*, 416 F. App'x 704, 710 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1154 (10th Cir. 1998)).  "This requires the court to identify the constitutional violation and locate it in time." *Id.*  (citation and quotation omitted).

Plaintiff brings various claims of discrimination and constitutional violations across several pleading documents.  *See doc. 1-1* at 5 (claiming discrimination based on sex and religion for carrying a bible in public and claiming a violation of the First Amendment because Dr. Caplan's report provided more information to the state court than was requested); *id.* at 67-68 (citing 42 U.S.C. § 1983 and stating that there were "Actionable Violations Caused [by the] Dr. Marc A Caplan Report to the Court [in] August 2022"); and *id.* at 78 (recounting violations of the First and Fourteenth Amendments.).  All these alleged federal constitutional violations are properly brought under 42 U.S.C. § 1983.

Plaintiff's claim that her First Amendment rights were violated when she was "reported" for carrying a bible in a public place is not predicated on sufficient facts to state a claim. *See Leverington*, 643 F.3d at 723; *doc. 1-1* at 5.  All of Plaintiff's remaining § 1983 claims stem from Dr. Caplan's Parenting Fitness Evaluation.  Therefore, the statute of limitations began running on the date of publication of that report to the state Court, which was identified as August 18, 2022.  Plaintiff first alleged the § 1983 violations in

11

her filing on December 18, 2025, approximately four months too late.[5]  As with her

NMCRA and defamation claims, Plaintiff's § 1983 claims are barred by the relevant

statute of limitations.

## IV.    CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that Defendant's

Motion to Dismiss (*doc. 3*) be GRANTED and the case be DISMISSED WITH

PREJUDICE.

_____

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

[5] The first time Plaintiff mentioned 42 U.S.C. § 1983 by name was in her filing on January 27, 2026.  *Doc. 1-1* at 65.  However, as previously noted, her other allegations of constitutional violations would be properly brought under § 1983.  Because the Court is under the obligation to construe her pleadings liberally, *see Hall*, 935 F.2d at 1110, the undersigned finds these allegations were first brought in December of 2025, rather than January of 2026 as urged by Defendant.  *See doc. 3* at 9.  It is of little importance, however, because Plaintiff's claims are time-barred regardless.